UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA            MEMORANDUM OF LAW

-v-

RUBEN ESTRADA,            S1 13 Cr. 00272 (PGG)

         Defendant
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF RUBEN ESTRADA'S MOTION FOR A BILL OF PARTICULARS

### INTRODUCTION

Defendant Ruben Estrada respectfully submits this memorandum of law in support of his pretrial motion for an Order requiring the Government to provide a Bill of Particulars pursuant to Fed.R.Crim.P. 7(f).

Mr. Estrada was charged in Count Four of a four count superseding indictment with willfully, and knowingly during and in relation to a drug trafficking crime causing the death of Gary Clark using a firearm. His codefendants, Robert Medina and Gerod Jackson are charged with conspiring to violate narcotics laws in Count One. Mr. Medina is charged with using a firearm in relation to a narcotics conspiracy in Count Two. Mr. Jackson is charged with using a firearm in relation to a narcotics conspiracy in Count Three. Notably, Mr. Estrada is not charged in the indictment with participating in a drug conspiracy

The Government's claims, as set out in discovery and information received to date, are:

1.      On July 28, 2012, Mr. Estrada, Mr. Medina, and others were hanging out in front of the building where Mr. Medina lives. Mr. Estrada lives on the next block.

2.      They were engaged in no illegal conduct.

1

3. The Decedent, Gary Clark and Defendant Mr. Jackson came to the block, each with a gun drawn, and began shooting at the group of people, including Mr. Estrada, who were standing in front of the building

4. Mr. Estrada reportedly picked up a weapon which had been placed nearby and returned fire striking and killing Mr. Clark

If one accepts the government's proffering of the facts, Mr. Estrada fired in self-defense, only after he was shot at.

We understand that this Court previously denied a Bill of Particulars to Mr. Medina. Mr. Estrada is, however, in a completely different position, both factually and legally. He is charged with a crime for which he could receive the death penalty or life in prison without parole. His alleged apparent act of self-defense is charged as a murder in furtherance of a drug conspiracy, of which he is not charged. Given these very distinct and unusual fats, the Government should be obligated to provide information not only about the nature and scope of the drug conspiracy, but how Mr. Estrada's alleged actions on this particular day and time were in furtherance of that conspiracy.

To avoid unfair surprise at trial, and the potential for a double jeopardy claim, Mr. Estrada respectfully requests the court order the government to provide the facts regarding his alleged role and participation in drug trafficking, the time period of Mr. Estrada's participation in drug trafficking, and how that drug trafficking was involved in the murder that the government has alleged Mr. Estrada committed.

# ARGUMENT

## THE GOVERNMENT SHOULD PROVIDE A BILL OF PARTICULARS WITH RESPECT TO MR. ESTRADA's ALLEGED PARTICIPATION IN DRUG TRAFFICKING

The purposes of a Bill of Particulars are clearly set forth both by statute and precedent. Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him. This prevents surprise at trial and allows a defendant to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, (2d Cir. 1987).

The Second Circuit has made clear that "the principal function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been indicted especially in the instances where the indictment does little more than track the language of the statute allegedly violated." *United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir. 1973). Although a bill of particulars is "required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004). In this instant indictment, Mr. Estrada has been given no information about his purported involvement in a drug trafficking offense. The drug trafficking offense is mentioned only as an element of the murder, but he is not indicted for conspiring to traffic narcotics.

The defense, moreover, has been given no information whatsoever that would provide us with any information as to Mr. Estrada's involvement in drug trafficking. The discovery provided by the government has given the defense no indication as to what acts Mr. Estrada has purportedly taken that would support an allegation of participation in a drug trafficking conspiracy, or how the death of Gary Clark, who was purportedly shooting at Ruben Estrada was

in furtherance of that conspiracy. A Bill of Particulars is proper where, as here, the indictment does little more than track the language of the statute. *United States v. Wilson,* 493 F.Supp 2d 364 (E.D.N.Y. 2006).

In order to properly prepare for trial Mr. Estrada must know the allegations against him. To avoid unfair surprise and the potential that Mr. Estrada may be subjected to double jeopardy, the government should provide Mr. Estrada with a bill of particulars outlining his alleged role in a drug trafficking conspiracy. Mr. Estrada respectfully asks this Court to balance the equities in this case and exercise discretion to require the government to file a bill of particulars as requested herein. Mr. Estrada submits that there is no conceivable prejudice to the government from having to specify the limited particulars outlined above.

## CONCLUSION

For these reasons, Mr. Estrada respectfully requests that the Court grant his motion for a bill of particulars, along with any other relief the Court deems just and proper.

Dated: January 10, 2014
New York, New York

_____
SUSAN V. TIPOGRAPH
GRÁINNE E. O'NEILL
*Attorneys for* **RUBEN ESTRADA**
11 Park Place, Suite 914
New York, New York 10007
(212)431-5360

BOBBI C. STERNHEIM
33 West 19th Street – 4th Fl
New York, New York 10011
Tel. No. (212)243-1100