UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA      MEMORANDUM OF LAW

-v-

    S1 13 Cr. 00272 (PGG)

RUBEN ESTRADA,

        Defendant
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF RUBEN ESTRADA'S MOTION TO SUPPRESS STATEMENTS ON OR ABOUT MAY 14, 2012

### INTRODUCTION

Defendant RUBEN ESTRADA respectfully submits this memorandum of law in support of his pre-trial motion to suppress statements and his arrest as a result of his unlawful interrogation on May 14, 2012.

Specifically Mr. Estrada moves for the suppression and exclusion of any and all statements made to law enforcement officers on or about May 14, 2012, whether oral or written, and whether signed or unsigned, as the fruit of the illegal interrogation of Mr. Estrada by the Bureau of Alcohol, Tobacco, and Firearms Special Agent Anthony Melchiorri in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

### ARGUMENT

**The May 14, 2012 interrogation of Mr. Estrada was an unconstitutional violation of his Sixth Amendment Rights to have counsel present during his interrogation.**

An interrogation includes "any words or actions on the part of the police... that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis,*

1

446 U.S. 291, 301 (1980). Whether or not an interrogation occurred does not turn on the subjective intent of the police, but rather "the perspective of the suspect." *Illinois v. Perkins*, 496 U.S 292, 296.

Where a defendant's Sixth Amendment right to counsel has attached, the relevant question shifts – Courts examine not whether officers engaged in "interrogation," but rather whether they "deliberately elicited" statements from the defendant. *Fellers v. United States*, 540 U.S. 519, 524 (2004). In *Fellers*, the Court found that the explanatory statements that officers made about why they were visiting a person's home constituted statements designed to elicit a response.

Here, in addition to explaining that Mr. Estrada was under arrest, S.A.Melchiorri asked Mr. Estrada if he had any questions. He went one step further than the police in *Fellers*, and in addition to providing the same general explanation about the circumstances of the interaction that the Court ruled was unconstitutional in *Fellers*, asked a series of follow-up questions that were intended to elicit a response. S.A.Melchiorri, after explaining to Mr. Estrada the nature of his charges, asked him if he remembered their prior meeting, and asked him if he had any other questions, deliberately eliciting a response.

Mr. Estrada's Sixth Amendment right to counsel had attached when he was assigned an attorney for the purposes of negotiating with the government. S.A. Melchiorri's questions were designed to elicit a response, and as such any statements Mr. Estrada may have made to S.A. Melchiorri should be suppressed, as the fruit of unlawful interrogation, in violation of Mr. Estrada's Sixth Amendment Right to Counsel.

## CONCLUSION

For all the foregoing reasons, Mr. Estrada respectfully requests that this court suppress any and all statements made around May 14, 2012, as evidence obtained as a result of an unlawful interrogation, made in violation of Mr. Estrada's Sixth Amendment rights.

Dated: January 10, 2014
      New York, New York

                                /s/ Susan V. Tipograph
                                SUSAN V. TIPOGRAPH
                                GRÁINNE E. O'NEILL
                                *Attorneys for* **RUBEN ESTRADA**
                                11 Park Place, Suite 914
                                New York, New York 10007
                                (212)431-5360

                                BOBBI C. STERNHEIM
                                33 West 19th Street – 4th Fl
                                New York, New York 10011
                                Tel. No. (212)243-1100