UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA                    MEMORANDUM OF LAW

-v-

RUBEN ESTRADA,                              13 Cr. 00272 (PGG)

          Defendant
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY AND MATERIALS PURSUANT TO *BRADY V. MARYLAND, AND ITS PROGENY*

### PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendant Ruben Estrada's motion to compel discovery and materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The relevant facts in support of defendant's motion are set forth in the supporting declaration of his counsel, dated January 10, 2014, and will not be repeated herein except to the extent necessary.

### REQUEST FOR SPECIFIC RULE 16 DISCOVERY INFORMATION

Rule 16 was intended to provide the defendant with "liberal discovery," although not discovery of "the entirety of the government's case against him." *United States v. Percevault*, 490 F2d 126, 130 (2d Cir. 1974).

The government must provide the defense with:

1. Any oral statements made by the defendant pursuant to Rule 16 (a)(1)(B). See *United States v. Bufalino*, 576 F.2d 446 (2d Cir. 1978).

1

2. Documents and tangible objects, pursuant to Rule 16(a)(1)(E), that: (1) are material to the preparation of the defense; (2) the government intends to offer at trial; or (3) that were obtained from or belong to the defendant. *See United States v. Maniktala*, 934 F.2d 25 (2d Cir. 1991).

3. Reports of Examination or Tests, pursuant to Rule 16(a)(1)(F) that are material to the defense or are intended for use by the government as evidence in chief. *See United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998); *United States v. Pineros*, 532 F.2d 868 (2d Cir. 1976); *see also United States v. GAF Corp.*, 884 F.2d 670 (2d Cir. 1989).

4. A written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial, pursuant to Rule 16(a)(1)(G). *See United States v. Cruz*, 363 F.3d 187 (2d Cir. 2004).

Mr. Estrada is requesting materials that fall squarely within Rule 16 Discovery.

<u>REQUEST FOR MATERIALS PURSUANT TO *BRADY V. MARYLAND*, *KYLES V. WHITLEY*, AND *UNITED STATES V. GIGLIO* AND THEIR PROGENY</u>

Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government. *United States v. Lloyd*, 992 F.2d, 348, 351 (D.C.Cir. 1983). See also *United States v. Bagley*, 473 U.S. 667 (1985). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused,

thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system." *California v. Trombetta*, 467 U.S. 479, 485 (1984). If this material evidence exists in the hands of the government or an agent of the state (either state or federal), the failure to disclose this evidence is a violation of the precepts of *Brady v. Maryland*. It is immaterial that a given prosecutor does not have personal knowledge of the existence of the material. "The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995).

Mr. Estrada is specifically requesting any information that will impeach the credibility of any witnesses the government might put forth at trial. *United States v. Bagley*, 473 U.S. 667 (1985), and see *United States v. Giglio*, 405 US. 150 (1972). This may include any criminal history of any witnesses, any deals offered to witnesses, or any other information which may tend to impeach the credibility of any witness.

Mr. Estrada is also requesting any statements by witnesses that would tend to show that Mr. Estrada is not involved in drug trafficking. It does not matter that the information or statements may have both inculpatory and exculpatory aspects. *See United States v. Mahaffy*, 693 F.3d 113 (2d Cir. 2012).

## CONCLUSION

For all the foregoing reasons, Mr. Estrada respectfully requests that this Court compel the government to turn over the above enumerated Rule 16 Materials, and any potentially exculpatory materials pursuant to *Brady . Maryland, United States v. Giglio, or Kyles v. Whitley*.

Dated: July 10, 2014
New York, New York

3

_Susan V. Tipograph_ (signature)
SUSAN V. TIPOGRAPH
GRÁINNE E. O'NEILL
*Attorneys for **RUBEN ESTRADA***
11 Park Place, Suite 914
New York, New York 10007
(212)431-5360

BOBBI C. STERNHEIM
33 West 19th Street 4th Fl
New York, New York 10011
Tel. No. (212)243-5360