UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA

        -v-                                      S1 13 Cr. 272 (PGG)

RUBEN ESTRADA,

                Defendant
------------------------------------------------------------X


### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RUBEN ESTRADA'S PRETRIAL MOTIONS

This Reply is submitted in response to the government's brief in opposition to Mr. Estrada's motion to suppress statements on August 29, 2012 and May 14, 2013, and motion for a bill of particulars.

### ARGUMENT

### POINT 1. ANY STATEMENTS MR. ESTRADA PURPORTEDLY MADE ON AUGUST 29, 2012 SHOULD BE SUPPRESSED AS THEY WERE OBTAINED IN VIOLATION OF MR. ESTRADA'S FIFTH AMENDMENT RIGHT TO COUNSEL

The government incorrectly argues that Mr. Estrada's assertion of his right to counsel, when he was in custody in Dryden, NY was not a proper invocation of his Fifth Amendment right to counsel, but rather was solely an invocation of his Sixth Amendment right to counsel. Their argument does not take into account the circumstances surrounding Mr. Estrada's request for an attorney.

When Mr. Estrada was initially brought to court in Dryden New York, he had not been appointed counsel, and he was not attended by counsel during his initial appearance.

Mr. Estrada was asked several questions by court officers, the prosecutor, and the judge, and he was uncomfortable with speaking without the presence of his attorney. Mr. Estrada was not merely requesting the appointment of counsel to shepherd him through his Dryden New York criminal case, rather he was requesting that counsel be present as he was questioned.

Mr. Estrada was requesting counsel be present as he was subjected to custodial interrogation, not merely formally requesting counsel in his instant criminal case, as contemplated by *Michigan v. Harvey*, 494 U.S. 344, 348 (1990).

### POINT 2. ANY STATEMENTS MR. ESTRADA PURPORTEDLY MADE ON AUGUST MAY 14, 2013 SHOULD BE SUPPRESSED AS THEY WERE OBTAINED IN VIOLATION OF MR. ESTRADA'S SIXTH AMENDMENT RIGHT TO COUNSEL

The government misrepresents the events of May 14, 2013 – contending that Agent-1 did not deliberately elicit statements from Mr. Estrada. Special Agent Melchiorri deliberated elicited statements from Mr. Estrada when he asked Mr. Estrada if he had any questions. This clearly falls within *Fellers v. United States*, 540 U.S. 519, 524 (2004), in that it is a deliberate elicitation of further information. Contrary to the government's description of the events, S.A. Melchiorri did ask Mr. Estrada this question.

### POINT 3. MR. ESTRADA IS ENTITLED TO A BILL OF PARTICULARS IN THIS CASE, AS THE CHARGES AGAINST HIM ARE SO GENERAL THAT THEY DO NOT ADVISE HIM OF THE SPECIFIC ACTS THAT HE IS ACCUSED

Mr. Estrada is entitled to a Bill of Particulars in this case. In the government's response they claim that Mr. Estrada is part of a narcotics conspiracy, yet he is not charged with being a part of the narcotics conspiracy in Count 1. Mr. Estrada is in the

unusual position of being alleged to be a member of a narcotics conspiracy, but not indicted as a member of the conspiracy. (Indeed – his alleged involvement in the narcotics conspiracy is the only thing providing federal jurisdiction in this case.)

Mr. Estrada has not been provided with any information about his alleged role in this conspiracy, nor how the murder he is charged with relates to, or is in furtherance of, a narcotics conspiracy. This information is not provided anywhere in the indictment, contrary to the government's assertions in its response to our motion.

The government's argument that Mr. Estrada's alleged contact with Mr. Medina via telephone would somehow amount to evidence that he was involved in a drug conspiracy is insufficient for Mr. Estrada to being to prepare a defense to these charges. Mr. Estrada is not requesting that the government provide information from witnesses that it would not otherwise be required to provide under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, but he is requesting that the government allow Mr. Estrada to understand the nature of the charges against him. The defense is not at this juncture seeking to determine what specific witnesses would say as to Mr. Estrada's alleged role in the alleged conspiracy, but rather is requesting that the government provide information to Mr. Estrada as to the nature of the allegations against Mr. Estrada.

Mr. Estrada seeks information necessary to prepare his defense. The government's assertion that the murder it alleges Mr. Estrada to have committed is in some way related to an uncharged drug conspiracy does not grant Mr. Estrada enough facts to prepare for trail. This case squarely fits into the narrow exception of cases for which a Bill of Particulars is proper.

### POINT 4.  MR. ESTRADA ASSERTS HIS RIGHT TO TIMELY MATERIALS PURSUANT TO *BRADY V. MARYLAND* AND ITS PROGENY.

The government has produced further information to the Mr. Estrada subsequent to Mr. Estrada's filing of this motion. The parties do agree to hold Mr. Estrada's motion for discovery in abeyance. However, Mr. Estrada does request that the government provide *Brady* materials to the defense as they become available.

### CONCLUSION

For all the foregoing reasons Mr. Estrada respectfully requests that Court grant his motions and together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          February 8, 2014

Respectfully submitted,

SUSAN V. TIPOGRAPH
GRÁINNE E. O'NEILL
*Attorneys for Ruben Estrada*
11 Park Place, Ste. 914
New York, NY 10007
Tel. No. (212)431-5360
stipograph@yahoo.com

BOBBI C. STERNHEIM
33 West 19th Street - 4th Fl.
New York, New York 10011
212-243-1100 (main)
888-587-4737 (fax)
bc@sternheimlaw.com