UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RUBEN ESTRADA,

                           Movant,

          - against -

UNITED STATES OF AMERICA,

                           Respondent.

**ORDER**

19 Civ. 9639 (PGG)

13 Cr. 272 (PGG)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        On October 10, 2019, Ruben Estrada filed a petition pursuant to 28 U.S.C. § 2255, seeking an order vacating his Section 924(c)(1)(A) conviction under United States v. Davis, 139 S. Ct. 2319, 2336 (2019). (No. 19 Civ. 9639, Pet. (Dkt. No. 1)) Estrada argues that "[t]he Supreme Court ruled that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional[ly] vague" and "without the . . . residual clause [his] 924(c) conviction cannot stand[.]" (Id. at 1)

        For the reasons stated below, Estrada's petition will be denied.

## BACKGROUND

### I. GUILTY PLEA AND SENTENCING

        On April 13, 2015, Estrada pleaded guilty to the (S6) Information in 13 Cr. 272, which charges him with conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(C), 841(b)(1)(D), and 846 (Count One); and with using, carrying, and discharging a firearm during and in relation to a drug trafficking crime – the narcotics conspiracy charged in Count One – in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Two). ((S6) Information (Dkt. No. 261); Plea Tr. (Dkt. No. 265) at 7)[1]

---

[1] Unless otherwise indicated, docket references are to the docket in 13 Cr. 272 (PGG).

At the plea hearing, this Court described the charges as follows:

> You should understand that in Count One of the S6 [I]nformation, you are charged with a felony offense of violating 21 United States Code, Section 846, by unlawfully, intentionally, and knowingly conspiring or agreeing with others to distribute controlled substances, in this case, cocaine base and marijuana. In Count Two of the S6 information, you are charged with knowingly using or carrying a firearm during and in relation to a drug trafficking crime, specifically the drug conspiracy charged in Count One; and that in furtherance of that crime, you possessed a firearm or aided and abetted in the use, carrying, or possession of a firearm that was discharged.

(Plea Tr. (Dkt. No. 165) at 5)

In summarizing the elements of the Section 924(c) offense, this Court stated that

> the government would have to prove that you knowingly used or carried a firearm during and in relation to the commission of or knowingly possessed a firearm in furtherance of that narcotics conspiracy charged in Count One. To knowingly use a firearm means, in this case, to use it purposefully and voluntarily and not by accident. In addition, Count Two charges that the firearm in question was discharged. The government would have to prove that a firearm was discharged in the course of the conspiracy charged in Count One. To discharge a firearm means that a bullet was fired from the weapon.

(Id. at 12)

Estrada then gave the following factual allocution in response to this Court's questions:

> THE DEFENDANT: For Count Two, around July 28th, 2012, I ended up discharging a weapon in the connection of a drug conspiracy around 228, in the Bronx, White Plains Road. I believe – it was my understanding that it resulted in the death of Gary Clark. I ended up discharging my weapon because I was being . . . fire[d] upon by other individuals, knowing I was afraid of my life. So I felt like I had to defend myself. I understand that self-defense is not a valid defense to the discharge of a weapon, 924(c), you know, and it's just sad that we had to get here today, you know, for the situation. But that's what ended up happening.
>
> THE COURT: And how did the discharge of the weapon, how does that relate to the drug conspiracy charged in Count One?
>
> THE DEFENDANT: I believe the whole situation was over a drug that – or I believe something had to do with money owed with drugs.
>
> THE COURT: All right. And that's what led to the –

THE DEFENDANT: To the altercation, yes.

(Id. at 20)

The "altercation" that Estrada alluded to during his Rule 11 allocution arose from a dispute between Robert Medina – Estrada's co-defendant and co-conspirator – and two other drug dealers: Gerod Jackson and Gary Clark. Medina had provided crack cocaine on consignment to Jackson, and when Jackson refused to pay Medina for the crack – claiming that it had been of poor quality – Medina resorted to violence. (Sent. Tr. (Dkt. No.322) at 30)

At Estrada's January 25, 2017 sentencing, this Court found the following facts, based largely on testimony offered at Medina's trial:

> [I]n 2012 Ruben Estrada and Robert Medina and their co-conspirators sold crack cocaine and marijuana on East 228th Street between Barnes Avenue and White Plains Road in the Bronx. (Citing the presentence report paragraphs 15 and 16, the trial transcript 1064-65, 1196, 1211-1212, 1226, 1230, 1362, 1364 and 1621) Mr. Medina and Mr. Estrada maintained firearms on their block of East 228th Street, the block they controlled. They stored drugs out on the street, and they carried [firearms]. (Citing the presentence report paragraph 18, trial transcript 1247-48 and page 1371) Mr. Estrada maintained a shotgun and a .45 caliber handgun behind the building at 730 East 228th Street. (Citing the presentence report paragraph 18, trial transcript page 1249) From time to time Mr. Medina and Mr. Estrada went into the alleyway next to that building and fired their weapons to make sure they were operable. (Citing the presentence report paragraph 18, the trial transcript at page 1250)
>
> The evidence also showed that Mr. Medina and Mr. Estrada used violence to control drug trafficking on East 228th Street. The evidence at Medina's trial demonstrated that a dispute arose between Medina and a man named Gerod Jackson in 2012. Medina had supplied crack to Jackson and some of that crack was of poor quality. As a result, Jackson was not able to pay Medina the full amount that had been agreed to. Medina repeatedly beat and threatened to kill Jackson if he did not pay back the full amount he owed. Jackson became convinced that he would have to kill Medina because if he didn't, Medina would eventually kill him. (Citing the trial transcript pages 117 to 119, 121-123, 128, 150-151, 235, 241, 243-244, 412, 494. 500, 730, 766, 1064, 1160 and 1174)
>
> On July 28, 2012, Mr. Medina was outside of a bar on White Plains Road between East 222nd and East 223rd Streets in the Bronx, when Gary Clark, who was a friend of Gerod Jackson, drove by in a red Cadillac. (Citing the presentence report paragraph 20, the trial transcript page 1259) Mr. Estrada handed Mr. Medina a handgun, and Medina fired at least six shots at the Cadillac, hitting it a number of times but also seriously wounding an

3

> innocent bystander.  (Citing the presentence report paragraph 20, the trial transcript 802, 805-06, 946-949, 951, 1259, 1523-1524)
>
> Mr. Clark reported to Gerod Jackson that he had been shot at by Medina.  (Citing the presentence report paragraph 21, trial transcript 555)  Later that night, Medina, Estrada and others were standing outside on East 228th Street between Barnes Avenue and White Plains Road when Gary Clark and Gerod Jackson drove by in Clark's red Cadillac. (Citing the presentence report paragraph 22, the trial transcript page 192) Medina told Estrada, "Go get that." (Id. trial transcript 192) Mr. Estrada went to retrieve a shotgun and he set up with a shotgun in a nearby alleyway.  (Id., trial transcript 192, 135-36)
>
> What had happened was after they passed through the block, Gary Clark parked his red Cadillac, and he and Gerod Jackson got out of the car and walked back down East 228th Street approaching 721 East 228th Street where Medina and his friends were standing. Mr. Clark fired toward that building. (citing the presentence report paragraph 22, trial transcript 198 and 569)  Medina and his friends ran inside.  However, Mr. Estrada, who was in a hiding place in the alleyway, fired the shotgun and he hit and killed Mr. Clark. (Citing the trial transcript pages 1420-22, 1068-1072)  Mr. Estrada then ran into 721 East 228th Street to join Medina.  (Citing the presentence report paragraph 25)  Mr. Clark died at the scene.  (Citing the presentence report paragraph 28, trial transcript 141, 352, 810)

(Id. at 29-31)

This Court sentenced Estrada to 63 months' imprisonment on Count One – the narcotics conspiracy charge – and to 120 months' imprisonment on Count Two – the Section 924(c) charge – with those sentences to run consecutively.  This sentence was within the applicable Sentencing Guidelines range of 171 to 183 months' imprisonment.  (Id. at 18, 40)

## II.     ESTRADA'S HABEAS PETITION

On October 10, 2019, Estrada filed the instant petition pursuant to 28 U.S.C. § 2255.  (No. 19 Civ. 9639, Pet. (Dkt. No. 1))  In his petition, Estrada contends that his Section 924(c) conviction must be vacated because "[t]he Supreme Court ruled that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional[ly] vague," and "without the . . . residual clause [the] 924(c) conviction cannot stand alone."  (Id. at 1)

In a December 29, 2019 letter, the Government opposes Estrada's petition, noting that "the Section 924(c) offense to which the defendant pled guilty was predicated on an

4

underlying 'drug trafficking crime' under Section 924(c)(2), rather than on a 'crime of violence' under either subsection of Section 924(c)(3)." (No. 19 Civ. 9639, Dec. 29, 2019 Govt. Ltr. (Dkt. No. 5) at 1) The Government further notes that because "Davis did not address the subsection relevant to the defendant's Section 924(c) conviction, specifically, Section 924(c)(2)," it is not applicable to Estrada's Section 924(c) conviction. (Id.)

## DISCUSSION

28 U.S.C. § 2255 provides, in relevant part, that "[a] prisoner in custody under sentence of a [Federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence . . . is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under section 2255 is available only 'for constitutional error, lack of jurisdiction, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" Rosa v. United States, 170 F. Supp. 2d 388, 396 (S.D.N.Y. 2001) (quoting Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (internal quotation marks and citations omitted)).

Estrada is not entitled to relief under Section 2255, because Davis has no application to Estrada's Section 924(c) conviction. The (S6) Information and Estrada's plea allocution make clear that the predicate offense for his Section 924(c) conviction is the drug trafficking conspiracy charged in Count One of the (S6) Information. In his submissions, Estrada confuses the drug trafficking offense that is the predicate for his Section 924(c) conviction with the "crime of violence" predicate that is the subject of Davis. (No. 19 Civ. 9639, Mar. 24, 2020 Pet. Ltr. (Dkt. No. 12) at 3) The "crime of violence" predicate was not charged in the (S6) Information, and was not the basis for Estrada's Section 924(c) conviction. Estrada was convicted of using, carrying, or possessing a firearm in relation to a "drug trafficking crime" – as

5

defined in 18 U.S.C. § 924(c)(2) – and not in relation to a "crime of violence," which is defined in 18 U.S.C. § 924(c)(3). (See Plea Tr. (Dkt. No. 165) at 5, 12, 20)

Davis does not affect Section 924(c) convictions premised on a drug trafficking crime. See Harris v. United States, No. 15 CR. 445-11 (PAE), 2019 WL 5887386, at *1 (S.D.N.Y. Nov. 12, 2019) ("[Section] 924(c) applies to firearms possession in connection with either a 'crime of violence' or a 'drug trafficking crime' . . . . The latter means of violating § 924(c) is unaffected by Davis, which limits only the scope of the first of these terms, 'crime of violence.'").

Accordingly, the Petition will be denied.

## CONCLUSION

For the reasons stated above, Estrada's petition under 28 U.S.C. § 2255 to vacate his Section 924(c)(1)(A) conviction is denied.

A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Estrada can make no such showing here, and accordingly a certificate of appealability will not issue.

Estrada has requested that he be appointed counsel. (No. 19 Civ. 9369, Pet. (Dkt. No. 1) at 2) The application is denied. Because the Petition is meritless on its face, appointment of counsel would be futile.

The Clerk of Court is directed to close the case (19 Civ. 9639).

        Copies mailed by Chambers.

Dated: New York, New York
       October 11, 2020

                                          SO ORDERED.

                                          *[Signature]*

                                          Paul G. Gardephe
                                          United States District Judge